[No. S105483. Jan. 5, 2004.]

ROBERT P. MULDER, Plaintiff and Appellant, v.
PILOT AIR FREIGHT et al., Defendants and Respondents.

---

## Counsel

Ezra Brutzkus Gubner, Robert Ezra and G. Michael Jackson for Plaintiff and Appellant.

Bragg, Serota & Kuluva, Sydnee R. Singer; Bragg & Dziesinski, Robert A. Bragg and Jennifer A. Riso for Defendants and Respondents.

---

## Opinion

**GEORGE, C. J.**—In the present case, as in the case of *Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350 [7 Cal.Rptr.2d 803, 81 P.3d 244], also filed today, we granted review to determine whether the privilege established by Civil Code section 47, subdivision (b) (section 47(b)),[1] for communications made in legislative, judicial, or any other official proceed-

---

[1] Statutory references are to the Civil Code unless otherwise indicated.

ings, applies to statements made when a citizen contacts law enforcement personnel to report suspected criminal activity on the part of another person.

In this case, plaintiff Robert P. Mulder, a commercial dealer in salvage material, alleged that he was arrested after defendant Steve Covert, an employee of defendant Pilot Air Freight, contacted the Los Angeles Police Department to report that Mulder was in possession of a flight recorder that had been stolen from Pilot Air Freight. Mulder alleged that defendants knew or should have known of information indicating that Mulder legitimately had acquired the flight recorder from a man who had bought it from an employee of Pilot Air Freight, but that defendants failed to inform the police of that information. According to Mulder's allegations, prior to the arrest Covert entered into negotiations with Mulder to purchase the flight recorder, but did not inform Mulder that Covert had contacted the police concerning Mulder's possession of the equipment. A price ultimately was agreed upon, and on January 6, 1999, two undercover Los Angeles police officers entered Mulder's office and tendered defendants' check as payment for the flight recorder. They departed but returned with eight other officers. The officers handcuffed and searched Mulder and executed a warrant for his arrest in the presence of witnesses. The complaint alleged that, as a consequence of the arrest, Mulder "had to appear numerous times in criminal court where the final result was a dismissal of the case."

On July 2, 1999, Mulder filed a complaint naming Covert and Pilot Air Freight as defendants. He alleged causes of action for false imprisonment and intentional infliction of emotional distress, asserting that defendants had been motivated by malice when they supplied the information that was the basis for his arrest by the Los Angeles police. He sought damages, including punitive damages, for loss of reputation, loss of business opportunities, humiliation, and emotional distress.

Defendants moved for summary judgment or, in the alternative, summary adjudication. The trial court, determining that the issue was limited to the question whether the absolute privilege established by section 47(b) shielded defendants' conduct in reporting to the police that plaintiff was in possession of their stolen flight recorder, denominated the motion as one for judgment on the pleadings. After supplemental briefing in which plaintiff opposed judgment on the pleadings and requested leave to amend the complaint to allege a cause of action for malicious prosecution, the court granted judgment on the pleadings, relying on the privilege established by section 47(b). The court denied plaintiff's request to amend the complaint, finding the request untimely. At a hearing subsequent to the filing of the notice of appeal, the trial court expressed some concern that it should have permitted plaintiff to amend the complaint.

Because the trial court treated the motion for summary judgment as a motion for judgment on the pleadings, the Court of Appeal did not consider evidence proffered in support of or in opposition to the motion for summary judgment, but confined its review to the allegations of the complaint. The appellate court affirmed the judgment to the extent that it determined that section 47(b) barred plaintiff's causes of action for false imprisonment and intentional infliction of emotional distress. At the same time, the Court of Appeal reversed the trial court's order denying plaintiff's request for leave to amend the complaint and remanded for further proceedings on the merits of the request, determining that the trial court erred in denying the motion on procedural grounds. The latter element of the Court of Appeal's judgment is not before us.

For the reasons stated in our opinion in *Hagberg v. California Federal Bank, supra*, 32 Cal.4th 350, we agree with the Court of Appeal and the trial court that plaintiff's causes of action for false imprisonment and intentional infliction of emotional distress are barred by the absolute privilege established by section 47(b). As we explained in *Hagberg v. California Federal Bank, supra*, 32 Cal.4th 350, we agree with the great weight of authority in our Courts of Appeal that concludes the privilege established by section 47(b) applies to a communication " 'concerning possible wrongdoing, made to an official governmental agency such as a local police department, . . . [if the] communication is designed to prompt action by that entity . . . .' " (*Hagberg v. California Federal Bank, supra*, 32 Cal.4th at p. 364, maj. opn. of George, C. J.) Such a conclusion, we explained, "serves the important public interest of securing open channels of communication between citizens and law enforcement personnel and other public officials charged with investigating and remedying wrongdoing." (*Id.* at p. 372.)

Plaintiff contends that the privilege established by section 47(b) should not bar a cause of action for false imprisonment. That statute bars tort actions based on privileged communications, with the exception of a cause of action for malicious prosecution. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 215–216 [266 Cal.Rptr. 638, 786 P.2d 365].) In *Hagberg v. California Federal Bank, supra*, 32 Cal.4th at pp. 372–375, we declined to add a further exception for the tort of false imprisonment, and plaintiff does not supply any basis for us to conclude otherwise. Finally, the Court of Appeal in the present case reasonably concluded, based upon the allegations in the complaint, that plaintiff's claim for false imprisonment was based upon defendants' privileged communications with the police rather than on any noncommunicative conduct on defendants' part.

For the foregoing reasons, the judgment of the Court of Appeal is affirmed.

Kennard, J., Chin, J., and Moreno, J., concurred.

**BROWN, J.,**—I dissent. For the reasons stated in my dissenting opinion in *Hagberg v. California Federal Bank, FSB* (2004) 32 Cal.4th 350, also filed today, I disagree that reports of suspected criminal activity are absolutely privileged under Civil Code section 47, subdivision (b). Rather, such reports are subject to a qualified privilege under either section 47, subdivision (c), or California common law existing for over a century.

Baxter, J., and Werdegar, J., concurred.